**FILED**
JAN 2 5 2010
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Frankie McCoy, | |
| Plaintiff, | |
| v. | Civil Action No.  10 0142 |
| Byron H. McCoy, | |
| Defendant. | |

### MEMORANDUM OPINION

The plaintiff has filed a pro se complaint and an application to proceed in forma pauperis. The Court will grant the application and will dismiss the complaint for lack of jurisdiction.

The plaintiff has filed a complaint styled as a civil rights complaint under 42 U.S.C. § 1983. That statute applies only to persons acting under "color" of state law to deprive a person of his or her civil rights. 42 U.S.C. § 1983. The complaint, however, involves a dispute between brothers over their deceased parents' estate. *See* Compl. at 6. On its face, the complaint does not state a claim that may be redressed under § 1983. It alleges no facts that even remotely suggest that the defendant, plaintiff's younger brother, *see id.,* is a state actor or that the defendant deprived the plaintiff of any "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Therefore, the § 1983 claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

A plaintiff is required by Rule 8 of the Federal Rules of Civil Procedure to include in the complaint a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). With the dismissal of the § 1983 claim, this court's jurisdiction over this dispute is in

doubt. Unlike state courts of general jurisdiction, such as the Superior Court for the District of Columbia, this court is a court of limited jurisdiction. A federal district court has jurisdiction in civil actions arising under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331. However, it appears that the dispute between the parties arises under state common law, not under federal law. Therefore, it does not appear that this court has federal jurisdiction under 28 U.S.C. § 1331.

A federal district court may have jurisdiction over state common law disputes that arise between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §1332(a). The defendant appears to be a citizen of the District of Columbia, but the plaintiff, a prisoner confined at the Maryland Correctional Institute in Jessup, Maryland, has not established that he is not a citizen of the District of Columbia. A prisoner is not presumed to be a citizen of the state in where he is incarcerated, but rather of the state in which he was domiciled before he was incarcerated. *Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991); *Smith v. Cummings,* 445 F.3d 1254 (10th Cir. 2006). In addition, the plaintiff has not alleged an amount in controversy. Therefore, the plaintiff has not established that this court has diversity jurisdiction under § 1332(a).

Accordingly, the Court will dismiss without prejudice the § 1983 claim for failure to state a claim upon which relief may be granted, and any implied common law claims for lack of jurisdiction. A separate order accompanies this memorandum opinion.

Date: Jan. 20, 2010

United States District Judge